MERRIMAN S. SMITH, Judge.
The Evening Journal Publishing Company, Inc., a corporation, incorporated under the laws of the state of West Virginia and authorized to do business in the said state and its principal place of business being at 207 West King Street, Martinsburg, Berkeley county, West Virginia, publishes, at that location, a daily newspaper known as the Martinsburg Journal.
It appears from an agreed stipulation of facts that during the months of February and March, 1943, said claimant published in its said newspaper eleven (11) separate legal notices to redeem land from sale, under the acts of the West Virginia Legislature of 1941, chapter 117, dealing with the collection of delinquent land taxes, and presented *117 the said notices to Charles G. Gain, deputy commissioner for the collection of delinquent land taxes for the county of Berkeley, state of West Virginia, for confirmation of publication, and that the said Charles G. Gain refused to confirm said publications on the grounds of the unconstitutionality of said act of the West Virginia Legislature of 1941, chapter 117, a part of which was held to be unconstitutional by the Supreme Court of Appeals of the state of West Virginia.
The advertising charges as set out in an itemized statement for the publication of the eleven separate legal notices total $250.80, which amount is the subject of this claim.
This court in a similar claim in re Berkeley Printing & Publishing Company, Inc. v. State Auditor, 3 Ct. Claims (W. Va.) 231, made an award and recommended payment under date of July 1, 1946.
Since the ruling in the Berkeley Printing & Publishing Company claim, supra, the Legislature in regular session in March 1947 passed an act, senate bill No. 337, chapter 26, advance copy of acts of the forty-eighth Legislature of West Virginia, finding the claims of various newspapers for publications of orders and notices of sale of forfeited and delinquent lands to be moral obligations, and appropriated funds from the general school fund to pay the said moral obligations. Section 3 of said act provides in part:
“. . . that there is and will be in the general school fund of the state treasury revenue, in excess of all other appropriations sufficient to pay the amounts hereafter appropriated, there is hereby appropriated from the general school fund of the state treasury for the remainder of the fiscal year one thousand nine hundred forty-six — one thousand nine hundred forty-seven and for the fiscal year one thousand nine hundred forty-seven —one thousand nine hundred forty-eight, an amount sufficient to pay the moral obligations described in sections one and two herein, which *118 moral obligations cannot now be ascertained m sums certain.”
An award is therefore now made in favor of the claimant, the Evening Journal Publishing Company, Inc., for the sum of two hundred fifty dollars and eighty cents ($250.80) payable out of the appropriation as provided for in the act as cited above.